# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

No. 24-51002
consolidated with
No. 24-51022

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Orlando Canales-Caliz,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-1825-1,
2:23-CR-2017-1

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Carlos Orlando Canales-Caliz appeals following his conviction for illegal reentry, *see* 8 U.S.C. § 1326(a), as well as the revocation of his supervised release in a previous case. Regarding his conviction, Canales-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Caliz argues for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional.  He does not raise any issue with his revocation judgment.  Canales-Caliz concedes that his only argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  The Government moves unopposed for summary affirmance or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Canales-Caliz's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Summary affirmance is therefore appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DENIED, and the judgments are AFFIRMED.